# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Laura S. Brown, ) | |
| ) | Civil Action No. 8:15-cv-04094-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Nancy A. Berryhill, acting commissioner ) | |
| of social security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Laura S. Brown filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). (ECF No. 1.)

This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (B)(2)(a) (D.S.C.). (ECF No. 23.) On January 30, 2017, Magistrate Judge Austin recommended that the court affirm the Commissioner's final decision to deny Plaintiff's claim for Supplemental Security Income ("SSI"). (ECF No. 23 at 25.) Plaintiff timely filed Objections to the Report ("Objections") on February 13, 2017. (ECF No. 25.)

For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23) and **AFFIRMS** the decision of the Commissioner denying Plaintiff's claim for SSI.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Report contains a thorough recitation of the relevant factual and procedural background of this matter. (ECF No. 23 at 2-3.) The court concludes, upon its own careful review of the record, that the Report's factual and procedural summation is accurate, and the

1

court adopts this summary as its own. The court will only reference background pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on December 22, 1967, and is presently 49 years old. (ECF No. 11-5 at 11.) Plaintiff filed an application for SSI on October 16, 2012, which alleged disability since January 1, 1999. (ECF No. 11-5 at 11.)[1] Plaintiff claimed she suffered from the following severe impairments: obesity, coronary artery disease, and diabetes mellitus. (ECF No. 11-2 at 15.) Plaintiff's application was denied on April 24, 2013 (ECF No. 11-3 at 70-82), and upon its reconsideration on October 31, 2013 (ECF No. 11-3 at 85-98). As a result, Plaintiff requested an administrative hearing on January 17, 2014. (ECF No. 11-4 at 27-28.) On October 24, 2014, the Administrative Law Judge Richard L. Vogel (the "ALJ") found that Plaintiff was not under disability as defined by the Social Security Act ("SSA") because a Plaintiff could perform a significant number of jobs in the national economy. (ECF No. 11-2 at 12-25 (citing SSA § 1614(a)(3)(A)).) Thereafter, the Appeals Council denied Plaintiff's request for review on November 17, 2015, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (ECF No. 11-2 at 2.)

Subsequently, on October 2, 2015, Plaintiff commenced an action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for SSI. (ECF No. 1.)

On January 30, 2017, Magistrate Judge Austin issued her recommendation that the Commissioner's final decision denying Plaintiff's claims for SSI should be affirmed. (ECF No. 23.) Plaintiff timely filed Objections to the Magistrate Judge's Report on February 13, 2017.

---

[1] The court observes that, pursuant to 20 C.F.R. § 416.330, Plaintiff's SSI claim began on the date of her application. (ECF No. 23 at 2, n.3)

(ECF No. 25.) The Commissioner filed a Reply to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation on February 23, 2017 (ECF No. 26.)

## II. LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. Thus, the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976.) The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the SSA is a limited one. Section 405(g) of the SSA provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision if it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack*

3

*v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Id.* "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

### III. ANALYSIS

*A. The Magistrate Judge's Review*

In the Report, the Magistrate Judge addressed Plaintiff's arguments that (1) "the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly assesses [sic] Plaintiff's [residual functional capacity] in accordance with [Social Security Ruling] 96-8p" and (2) the ALJ "failed to properly evaluate Plaintiff's credibility in accordance with [SSR] 96-7p." (ECF No. 23 at 3.)

First, the Magistrate Judge provided that the ALJ's evaluation of Plaintiff's residual functional capacity ("RFC") was supported by substantial evidence:

> To assess a claimant's RFC, the ALJ must consider all relevant evidence in the record, including medical history, medical signs, laboratory findings, lay evidence, and medical source statements. SSR 96-8p specifically states, "The RFC assessment must always consider and address the medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Thus, an ALJ's RFC assessment will necessarily entail assessing the credibility of any alleged limitations, including assessing the credibility of testimony offered by the claimant.
> 
> In considering Plaintiff's RFC, the ALJ stated that he followed the two-step process outlined in the regulations requiring him to first determine whether there is an underlying medically determinable physical or mental impairment that could be expected to produce Plaintiff's pain or other symptoms; and, second, to evaluate the intensity, persistence, and limiting effects of the Plaintiff's symptoms to determine the extent to which they limit Plaintiff's functioning.
> 
> Upon reviewing the ALJ's decision, it is clear the ALJ found Plaintiff's

4

> hospitalizations were more the result of her non-compliance with treatment and possible drug-seeking behavior than with the severity of her impairments. The law allows the ALJ to considered [sic] Plaintiff's noncompliance with her medications in determining credibility. The ALJ found that, based on the evidence, Plaintiff's coronary artery disease was adequately accommodated for in limiting Plaintiff to a range of sedentary work. The ALJ concluded that 'in light of the evidence suggesting the claimant may have been overstating her symptoms, the undersigned cannot find the claimant's allegation that she is incapable of all work activity to be credible.' And while Plaintiff now tries to argue that she will miss too many days of work due to hospitalizations, thus, making her unable to perform sedentary work, there is no opinion from a treating physician opinion as to such limitation. Accordingly, the [c]ourt finds that the ALJ's RFC determination is supported by substantial evidence.

(ECF No. 23 at 24 (citations omitted).)

Next, the Magistrate Judge considered the ALJ's determination of Plaintiff's credibility:

> As outlined above, the ALJ properly followed the two-part test in determining credibility and adequately explained his consideration of Plaintiff's alleged symptoms and limitations. While Plaintiff disagrees with the ALJ's decision, the ALJ adequately explained his conclusion that Plaintiff engaged in drug-seeking behavior rather than behavior showing efforts to obtain pain relief. The ALJ explained that the record contained statements by treating physicians suggesting that Plaintiff was not being completely truthful regarding the need for narcotic pain medications from various doctors at the same time. As a result of Plaintiff's history of drug seeking behavior and her failure to comply with treatment, the ALJ properly assumed some exaggeration of the Plaintiff's complaints of pain. It is not the duty of the [c]ourt to reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence, '[w]here conflicting evidence allows reasonable minds to differ,' the [c]ourt must defer to the Commissioner's decision. The court declines to reweigh evidence already considered by the ALJ; such an exercise is contrary to law.

(ECF No. 23 at 24-25 (citations omitted).)

Based on the reasons above, the Magistrate Judge concluded that the ALJ's decision be affirmed because the RFC assessment and the credibility analysis are supported by substantial evidence. (ECF No. 23 at 25.)

B. *The Plaintiff's Objections and the Commissioner's Reply*

Plaintiff argues that the Magistrate Judge erred by finding that (1) the ALJ "reasonably

considered [Plaintiff's] inability to sustain work on a regular basis," and (2) the ALJ "properly considered [Plaintiff's] credibility." (ECF No. 25 at 1, 3.)

For a first Objection, Plaintiff asserts that "the ALJ failed to consider her frequent hospitalizations, which account for well beyond the level of absenteeism from work that would be allowable in a typical job setting, and account for them in the RFC findings." (ECF No. 25 at 1.) Plaintiff specifically states that:

> [t]he Magistrate Judge's [R]eport fails to address the fact that [Plaintiff] was admitted into the hospital and retained there for more days than would be allowed by a typical employer. It appears that the Magistrate Judge is requiring a treating physician's opinion that [Plaintiff] required frequent hospitalizations. However, the Magistrate Judge fails to explain why she does not consider the admitting physician's opinion that [Plaintiff] required hospitalization to be a valid opinion. Furthermore, the Magistrate Judge's conclusion that the ALJ considered absenteeism but dismissed it for reasons cited is a post hoc argument that should be dismissed.

(ECF No. 25 at 2 (citing *NLRB v. Kentucky River Cmty. Care, Inc.*, 121 S.Ct. 1861, n.1 (2001); *Loyola Univ. of Chicago v. Bowen*, 905 F.2d 1061, 1070 (7th Cir. 1990)).)

Next, "[Plaintiff] argues that the ALJ's boilerplate language and a finding that [Plaintiff]'s impairments could reasonably be expected to cause 'some' of the alleged symptoms does not make a proper credibility finding as required in *Craig v. Chater*, 76 F.3d at 595, (4th Cir. 1996)." (ECF No. 25 at 3.) Moreover, Plaintiff claims that the ALJ did not adhere to the "pain rule, which establishes that subjective complaints of pain and physical discomfort could give rise to a finding of total disability, even if the complaints are not fully supported by objective evidence." (ECF No. 25 at 3.)

Finally, Plaintiff asserts that "[t]he Magistrate Judge responds that the ALJ properly assumed some exaggeration of the Plaintiff's symptoms and complaints of pain based on her history of drug seeking behavior and her failure to comply with treatment. [Plaintiff] objects to

6

the reliance on one single factor in assessing her credibility." (ECF No. 25 at 3.)

In response, the Commissioner agrees with the Magistrate Judge's findings, and asserts that "[b]ecause these issues have already been fully presented in this case, the Commissioner relies on the reasoning set forth in Magistrate Judge Austin's [Report], as well as the arguments set forth in the Commissioner's opening brief, in responding to Plaintiff's Objections." (ECF No. 26 at 2.)

C. *The Court's Ruling*

Upon review of the Report, the court finds that the Magistrate Judge performed a thorough analysis of the record. In the Objections, Plaintiff rehashes her earlier arguments that the ALJ's decision was improper because (1) the ALJ did not consistently consider noncompliance related to Plaintiff's hospitalizations, and (2) the ALJ failed to comply with 96-7P when assessing Plaintiff's credibility. (ECF No. 23 at 20, 23.)

*1. Plaintiff's Inability to Sustain Work on a Regular Basis*

Objections to the Magistrate Judge's Report must be specific. *See U.S. v. Schronce*, 727 F.2d 91, 94, n.4 (4th Cir. 1984) (failing to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge); *see also Camby*, 718 F.2d at 199 (explaining that the absence of specific objections to a magistrate judge's report and recommendation relieves this court from providing an explanation for adopting the recommendation.)

The court observes that Plaintiff's Objections under the first heading, "objections to the argument that the ALJ reasonably considered [Plaintiff's] inability to sustain work on a regular basis," are specific only to the issue of credibility. (ECF 25 at 1, 2 (citing ECF No. 23 at 23-24).) Therefore, after a thorough review of the record, the court finds that the Report contains no clear

7

error related to Plaintiff's first Objection (ECF No. 25 at 1).

### *2. Whether the ALJ Properly Considered Plaintiff's Credibility*

When determining credibility, "[f]irst, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce pain or other symptoms alleged." *Chater*, 76 F. 3d at 594 (citing 20 C.F.R. §§ 416.929(b), 404.1529(b)). Once the threshold determination has been met, the intensity and persistence of the plaintiff's pain and the extent to which it affects her ability to work are then evaluated. *Id*. at 595. "Under the regulations, this evaluation must take into account not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings . . . any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.) . . . and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it, *see* 20 C.F.R. §§ 416.929(c)(3) & 404.1529(c)(3)." *Id.* at 595. "Credibility is the providence of the ALJ." *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1499 (10th Cir. 1992). When an ALJ has given specific and legitimate reasons for disbelieving a plaintiff's testimony, the reviewing court should "generally treat credibility determinations made by an ALJ as binding upon review." *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988).

Plaintiff's Objections regarding her credibility merely expands on issues already considered by the Magistrate Judge. (*Compare* ECF No. 23 at 24 *with* ECF No. 25 at 3.) As stated above, the Magistrate Judge determined that the ALJ "properly assumed some exaggeration of the Plaintiff's symptoms and complaints of pain." (ECF No. 23 at 24 (citing

*Williamson v. Colvin*, C/A No. 8:12-2887-JFA-JDA, 2014 WL 1094404, at *14 (D.S.C. March 18, 2014)).) "Whenever a claimant's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the claimant's statements based on a consideration of the entire case record." SSR 96-7p; *see also Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (explaining that the credibility determination "must refer specifically to the evidence informing the ALJ's conclusions"). Further, the Magistrate Judge acknowledged that the ALJ can consider noncompliance when determining credibility. (ECF No. 23 at 23 (citing *Hunter v. Sullivan*, 993 F.2d 31, 36 (4th Cir. 1993)).)

In his assessment of Plaintiff's credibility, the ALJ first recognized her noncompliance:

> The claimant's history of medical non-compliance detracts from the credibility of her testimony. For instance, it was reported by her primary care physician in February 2013, that she had not been compliant with her medications and had not been so in more than a year. He also reported that the claimant had not been seen at the facility in over a year. (Exhibit 7F, page 2) In March 2013, it was reported in March 2013 [sic], that the claimant had presented to the hospital two weeks earlier, but left against medical advice. It was also noted that the claimant had been off Plavic for two weeks despite medical advice and that it sounded like she had never got [sic] the prescription filled. (Exhibit 16F, page 1).

(ECF No. 11-2 at 23.)

The ALJ also determined that Plaintiff's credibility was reduced because of her history of drug-seeking behavior:

> Also detracting from the claimant's credibility is her apparent drug-seeking behavior. For example, it was noted on September 13, 2011, that the claimant became upset with her treating physician when her request for pain medication was denied. (Exhibit 1F, page 10) In addition, records from Doctor's Care indicated that the claimant was seen on numerous occasions during the period from September 2011 through March 2013 for various pain complaints with little in the way of objective findings and was consistently prescribed pain medications. (Exhibits 2F and 10F) In addition, her treating physician reported in February 2013 at Beaufort Jasper Hampton Comprehensive Health, that the claimant was asking for more narcotics and noted that she had a history of narcotic abuse.

> (Exhibit 7F, page 2) In addition, a nurse practitioner with the facility indicated in April 2013, that she had reviewed the claimant's patient drug history from Rite Aid pharmacy and discovered that she had received 4+ prescriptions for controlled substance pain medications over a two-month period from three different providers . . . The claimant presented again in August 2013 with continued complaints of back pain; however, it was noted that her recent CT of the thoracic and lumbar spines had been unremarkable. Her physical exam was also unremarkable. She was prescribed Motrin . . . It was noted in February 2014, that the claimant had been referred to a pain management specialist in the past, but that she had failed to keep her scheduling appointments. The claimant requested a refill of Tylenol #4, but it was noted that drug monitoring had revealed that she had received 60 tablets of the medication less than a month earlier. (Exhibit 17F, page 26) Dr. Dalbow reported in August 2014, that the claimant presented with request for sleep and pain medications although her main complaint was that of oral herpes simplex. (Exhibit 17F, page 11).

(ECF No. 11-2 at 23.)

After thorough review of the reasons above, the court finds that the ALJ provided specific and legitimate reasons for questioning the credibility of Plaintiff. As such, the court finds Plaintiff's Objections unpersuasive because they do not suggest any new arguments that would cause the court to reject the Report. *See e.g., Felton v. Colvin,* C/A No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014) (explaining "[t]he court may reject perfunctory or rehashed objections to [Reports] that amount to 'a second opportunity to present the arguments already considered by the [Magistrate Judge]'"). The court finds no reason to disturb the Report.

## IV. CONCLUSION

For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23) and **AFFIRMS** the decision of the Commissioner denying Plaintiff's claim for SSI.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 27, 2017
Columbia, South Carolina